E-FILED
Monday, 09 September, 2019 05:35:45 PM
Clerk, U.S. District Court, ILCD

For HR Use Only

| Unit Code: |
|---|
| SAP ID: |

 **JOHN DEERE**

### Employee Innovation & Proprietary Information Agreement

This Employee Innovation & Proprietary Agreement ("Agreement") is entered into between:

**Deere & Company**
**One John Deere Place**
**Moline, IL 61265 or its Affiliates**
referred hereunder as "**Deere**" and

| Print Name: (Last) | (First) | (Initial) |
|---|---|---|
| | | |
| referred hereunder as the "You or Your" | | |

**NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, You now hereby agree as follows:**

1. Definitions. Capitalized terms used herein shall have the meanings set forth in this Section.

(a) "Affiliate" shall mean any other entity that, either directly or indirectly, controls, is controlled by, or is under common control with Deere & Company.

(b) "Confidential Information" means the terms and conditions herein and all non-public information or information marked or identified by Deere as confidential, whether disclosed orally or in writing, electronically or otherwise to You during Your employment with Deere. Confidential Information shall include without limitation all notes, compilations, and other materials prepared by You that contain, are based on, or otherwise are derived from any Confidential Information.

(c) "IP" means all worldwide rights arising under statutory or common law relating to the business of Deere including without limitation (a) all present and future patents and patent applications and all reissues, divisions, renewals, extensions, continuations and continuations-in-part thereof; (b) inventions, invention disclosures, improvements, trade secrets, Confidential Information, know-how; (c) registered and unregistered copyrights without limitation copyright on designs, software code, mask works, and all derivative works thereof, copyright registrations, applications, and moral rights thereof; (d) industrial designs and any registrations and applications thereof; (e) any sui generis database rights; and (f) any other form of intellectual property protection.

(d) "Independent IP" means all IP (i) that is owned or controlled by You prior to employment with Deere or (ii) that during and after employment by Deere results from independent activities by You and both a) without the use of Deere's equipment or other resources and b) outside the business or contemplated business, activities, research or development of Deere.

(e) "Work Product" means any and all works of authorship, materials and all other work product that are created, authored, or edited by You during employment with Deere or within a period of six (6) months after termination of employment: i) that relates to the business or activities of Deere; ii) that use Confidential Information or Deere IP; or iii) that use Deere facilities or resources and all printed, physical and electronic copies and other tangible embodiments thereof.

2. Independent IP.

(a) You agree to disclose all Independent IP, including, if applicable, titles and registration and application numbers. The Independent IP will be retained by You and will not be owned by or assigned to Deere under this Agreement. If You do not disclose any Independent IP, then You hereby represent and warrant that there is no Independent IP and waive any right to assert any such Independent IP against

**EXHIBIT**

**D**

Deere or its Affiliate. During the course of employment, You will inform Deere immediately of any new Independent IP, created or obtained during the employment.

(b) To the extent that You utilize any Independent IP or incorporate any Independent IP into any Work Product during employment by Deere, and in absence of a prior written agreement between You and Deere to the contrary, You hereby irrevocably grant to Deere a royalty-free, fully paid-up, perpetual, irrevocable, transferable, worldwide non-exclusive license (with the right to sublicense) to make, have made, copy, modify, make derivative works of, use, offer to sell, sell, import and otherwise distribute such Independent IP as part of or in connection with Deere's current or contemplated business.

3. Innovation. This Section provides the understanding between You and Deere in connection with Work Product and all IP created or conceived by You during employment. IF APPLICABLE, THE STATUTES OR LAWS CITED IN EXHIBIT 1 ARE HEREIN INCORPORATED BY REFERENCE AND SHALL BE APPLIED CONTEMPORANEOUSLY WITH THE TERMS OF THIS AGREEMENT. In the event that one or more of the provisions of this Agreement conflict with a local statute or law, any such invalidity, illegality or unenforceability shall not affect any other provisions herein.

(a) Work Product and IP Confirmation and Assignment. You hereby irrevocably assign to Deere and/or its designated Affiliate, without royalty or any additional consideration, Your entire right, title and interest in and to all Work Product and IP, conceived or made either solely or jointly with others during your employment with Deere, which includes the right to sue, counterclaim and recover for all past, present and future infringement, misappropriation or dilution thereof, and all rights corresponding thereto throughout the world. Nothing contained in this Agreement shall be construed to reduce or limit Deere's rights, title or interest in any Work Product or any IP created by You during employment so as to be less in any respect than Deere would have had in the absence of this Agreement.

You hereby acknowledge and agree that: (i) all right, title and interest in and to all Work Product and all IP therein shall be the sole and exclusive property of Deere; (ii) subject to local law, Deere shall have the unrestricted right, in its sole and absolute discretion, whether or not to use, commercialize or market any Work Product or to pursue IP protection; (iii) no royalty or other consideration shall be due or owing to You now or in the future as a result of such activities; (iv) the Work Product is and shall at all times remain the Confidential Information of Deere; and (v) by reason of being employed by Deere at the relevant times, to the extent permitted by law, all Work Product consisting of copyrightable subject matter is "work made for hire" as defined in the Copyright Act of 1976 (17 U.S.C. § 101) or applicable local law, and such copyrights are therefore owned by Deere.

(b) Publicity. You hereby consent to any and all uses and displays, by Deere of Your name, voice, likeness, image, appearance and biographical information in, on or in connection with any pictures, photographs, audio and video recordings, digital images, websites, and all other printed and electronic forms and media throughout the world, at any time during or after the period of employment by Deere, for all business purposes of Deere ("Permitted Uses"). You hereby forever release Deere and its directors, officers, employees and agents from any and all claims, actions, damages, losses, costs, expenses and liability of any kind, arising under any legal or equitable theory whatsoever at any time during or after the period of employment by Deere, in connection with any Permitted Use.

(c) Compensation. To the extent You create or invent any Work Product and/or IP, You agree and acknowledge that You have received and continue to receive from Deere valuable and sufficient consideration including without limitation payments made or to be made under the Global Invention Appreciation Program offered by Deere, for the vesting and assignment of rights under this Section. Additionally, You agree and acknowledge that no further payment is required for the transfer or utilization of any Work Product and IP to Deere.

(d) Post-Employment. Unless local law states otherwise, You also agree, that all IP and Work Product created during a period of six (6) months following Your termination of employment from Deere, if: (i) it relates to the business or activities of Deere; ii) uses Confidential Information or Deere IP; or iii) uses Deere facilities or resources is considered to have been created while he was employed and is treated accordingly. You have the right to prove the contrary.

4.   Third Party Feedback. You agree not to provide any creative services, feedback, or consulting for any third party relating to the business or contemplated business, activities, research or development of Deere, except as required in the performance of Your authorized employment duties, only after execution of an agreement allocating the IP created or conceived with or on behalf of the third party to Deere, and with the prior written approval of the Global Intellectual Property Services department acting on behalf of Deere in each instance.

5.   Administration.

(a)   Disclosure of Work Product; Maintenance of Records. During employment, You shall promptly make written disclosures to the Global Intellectual Property Services department of Deere of all IP, and shall at all times keep and maintain accurate and authentic records of all Work Product, IP, or Independent IP herein. Such records may be in the form of notes, drawings, electronic files, laboratory notebooks, reports or any other format that may be specified by Deere. Without limiting Your right to Independent IP, these records shall at all times be the sole and exclusive property of Deere and You agree not to remove such records from Deere's premises, except as may be expressly permitted by Deere's written policies.

(b)   Agreement to Cooperate. During and after employment, You agree to reasonably cooperate with Deere and/or its designated Affiliate (at Deere's expense) to (i) apply for, obtain, perfect and transfer any and all IP in any jurisdiction throughout the world and (ii) maintain, protect and enforce the same, including, without limitation, giving testimony and executing and delivering to Deere any and all documents and instruments as shall be requested by Deere.

6.   Confidential Information. You understand and acknowledge that during the course of employment with Deere, You may have access to and may develop Confidential Information. You further acknowledge and understand that this Confidential Information is for the exclusive knowledge and use of Deere. The Confidential Information that may be disclosed to You or developed by You is of great competitive importance and commercial value to Deere and improper use or disclosure of the Confidential Information by You may cause irreparable harm to Deere, for which remedies at law will not be adequate

(a)   Third Party Confidential Information. In the course of Your employment with Deere, You may receive confidential or proprietary information from third parties and Deere may have a duty to maintain the confidentiality of such information and to use it only for certain limited purposes. You agree to hold all such third party confidential information in the strictest confidence and not to disclose it to any person or entity or to use it except as necessary in carrying out Your work for Deere, consistent with any contractual obligations with such third party.

(b)   Disclosure and Use Restrictions. You agree and covenant: (i) to treat all Confidential Information as in accord with Deere & Company's Code of Business Conduct guidelines including without limitation adhering to all marking requirements; (ii) not to directly or indirectly disclose, publish, communicate or make available Confidential Information, or allow it to be made available to any entity or person outside of the direct employ of Deere except as required in the performance of Your authorized employment duties and only after execution of a confidentiality agreement by the third party with whom Confidential Information will be shared; and (iii) not to access or use any Confidential Information, and not to copy or remove any Confidential Information from the premises or control of Deere, except as required in the performance of Your authorized employment duties and as permitted by Deere's written policies.

(c)   Duration of Confidentiality Obligations. You agree that the obligations under this Agreement with regard to any particular Confidential Information shall commence immediately upon You first having access to such Confidential Information (whether before or after beginning employment) and shall continue during and after until such time as such Confidential Information has become public knowledge other than as a result of Your breach of this Agreement.

(d)   Return and Destruction of Confidential Information. You agree that all Confidential Information accessed during employment is for use of You solely in discharging Your duties and responsibilities to Deere. You further agree that You have no claim or right to the continued use or possession of such Confidential Information after employment ceases. Upon (i) voluntary or involuntary termination of Your employment or (ii) Deere's request at any time during Your employment, You shall (a) provide or return any and all any Confidential Information and Work Product to Deere, that are in the possession or control of You, whether they were provided to You by Deere  or others or created by You; and (b) delete or destroy

all copies of any such materials not returned to Deere that remain in Your possession or control, including those stored on any non-Deere devices, networks, storage locations and media in Your possession or control. IF APPLICABLE, THE STATUTES OR LAWS CITED IN EXHIBIT 1 ARE HEREIN INCORPORATED BY REFERENCE AND SHALL BE APPLIED CONTEMPORANEOUSLY WITH THE TERMS OF THIS AGREEMENT.

7.  No Conflicts. You hereby represent and warrant that You are not subject to any obligations, including to any former employer, which would conflict with any provision herein, including with respect to any Independent IP, and that You have the right to grant the license in Section 2.

8.  No License. You understand that this Agreement does not, and shall not be construed to, grant You any license of any nature to any Work Product, IP, or Confidential Information made available to You by Deere.

9.  Contact Information. You agree to keep Deere apprised of a current mailing address and telephone number for five (5) years after termination of this Agreement to assist in execution of any such instrument or papers.

10. Successors and Assigns. Deere may assign this Agreement to any Deere Affiliate, or to any successor or assign. This Agreement shall inure to the benefit of Deere and permitted successors and assigns. You may not assign this Agreement or any part hereof. Any purported assignment by You shall be null and void from the initial date of purported assignment.

11. Governing Law; Jurisdiction and Venue. Unless not allowed by local law, this Agreement, for all purposes, shall be construed in accordance with the laws of the State of Illinois without regard to conflicts of law principles. Unless not allowed by local law, any action or proceeding by either You or Deere to enforce this Agreement shall be brought only in a court of competent jurisdiction located in the State of Illinois. You and Deere hereby irrevocably submit to the exclusive jurisdiction of such courts and waive the defense of inconvenient forum to the maintenance of any such action or proceeding in such venue.

12. Severability. If any provision of this Agreement is determined to be invalid, illegal or unenforceable, the remaining provisions of this Agreement remain in full force and effect, so long as the essential terms and conditions of this Agreement reflect the original intent and remain valid, legal, and enforceable.

13. Entire Agreement. Unless specifically provided herein, this Agreement contains all the understandings and representations between You and Deere pertaining to the subject matter hereof and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, with respect to such subject matter.

14. Waiver. The failure of Deere at any time to require performance by You of any provision of this Agreement shall not affect in any way the full right of Deere to require such performance at any time thereafter nor shall the waiver by You of a breach of any provision hereof be deemed a waiver of the provision which is breached or any other provision thereof.

15. Counterparts. This Agreement may be executed in counterparts and all counterparts together will be taken to constitute one instrument.

**WHEREFORE,** Deere and You hereby acknowledge receipt of and caused this Agreement to be executed, as of the date below as follows:

| **EMPLOYEE** | | **DEERE & COMPANY** | |
|---|---|---|---|
| (signature) | _____ | (signature) | _____ |
| (print name) | _____ | (print name) | _____ |
| (title) | _____ | (title) | _____ |
| (date signed) | _____ | (date signed) | _____ |

**Exhibit 1: Local Laws and Statutes**

**FOR CALIFORNIA**: You understand that any provision in this Agreement requiring You to assign rights does not apply to any invention that fully qualifies under California Labor Code Section 2870, which states: Any provision in an employment Agreement which provides that You shall assign, or offer to assign, any of his or her rights in an invention to Deere shall not apply to an invention that You developed entirely on Your own time without using Deere's equipment, supplies, facilities, or trade secret information except for those inventions that either: (i) relate at the time of conception or reduction to practice of the invention to Deere's business, or actual or demonstrably anticipated research or development of Deere; or (ii) result from any work performed by You for Deere.

**FOR ILLINOIS:** You understand that any provision in this Agreement requiring You to assign rights does not apply to any invention that fully qualifies under Illinois Revised Statutes, Chapter 140, §§ 301-303, which states: A provision in an employment Agreement which provides that You shall assign or offer to assign any of the Your rights in an invention to Deere does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of Deere was used and which was developed entirely on Your own time, unless (a) the invention relates (i) to the business of Deere, or (ii) to Deere's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by You for Deere.

**FOR KANSAS:** You understand that any provision in this Agreement requiring You to assign rights does not apply to any invention that fully qualifies under Kansas Statutes Annotated, §§ 44-130, which states: Any provision in an employment Agreement which provides that You shall assign or offer to assign any of Your rights in an invention to Deere shall not apply to an invention for which no equipment, supplies, facilities or trade secret information of Deere was used and which was developed entirely on Your own time, unless:(1) The invention relates to the business of Deere or to Deere's actual or demonstrably anticipated research or development; or (2) the invention results from any work performed by You for Deere.

**FOR MINNESOTA:** You understand that any provision in this Agreement requiring You to assign rights does not apply to any invention that fully qualifies under Minnesota Statutes Annotated, § 181.78, which states: Any provision in an employment Agreement which provides that an You shall assign or offer to assign any of Your rights in an invention to Deere shall not apply to an invention for which no equipment, supplies, facility or trade secret information of Deere was used and which was developed entirely on Your own time, and (1) which does not relate (a) directly to the business of Deere or (b) to Deere's actual or demonstrably anticipated research or development, or (2) which does not result from any work performed by You for Deere.

**FOR WASHINGTON:** You understand that any provision in this Agreement requiring You to assign rights does not apply to any invention that fully qualifies under Washington Revised Code Annotated, §§ 49.44.140, 49.44.150, § 181.78, which states: A provision in an employment Agreement which provides that You shall assign or offer to assign any of Your rights in an invention to Deere does not apply to an invention for which no equipment, supplies, facilities, or trade secret information of Deere was used and which was developed entirely on Your own time, unless (a) the invention relates (i) directly to the business of Deere, or (ii) to Deere's actual or demonstrably anticipated research or development, or (b) the invention results from any work performed by You for Deere.

# Certificate of Completion

## Adrian  Crawford

has successfully completed

Employee Innovation and Proprietary Information Agreement

LRN_EIPIA01EN completed on Nov/29/2017 08:59 AM America/Chicago / Length: 0.5 hours

