## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

DEERE & COMPANY,                                )
                                                )
    Plaintiff,                              )
                                                )
    v.                                      )   Case No. _____
                                                )
                                                )
SETH CRAWFORD,                                  )
ADRIAN CRAWFORD,                                )
                                                )
                                                )
    Defendants.                             )

---

## DECLARATION OF TERRY GOERDT

Terry Goerdt, being duly sworn on oath and with knowledge of the matters testified to herein, states, affirms and declares the following facts are personally known to him:

1.    I am adult.

2.    I work for Deere & Company ("Deere"), and my title is Global IT Director - Digitalization.

3.    Adrian Crawford had been employed by Deere since 2008.  At the time of conclusion of her employment with Deere, Ms. Crawford held the position of Manager, Enterprise Analytics Accelerator.

4.    Ms. Crawford's position with Deere was significant, and she was a critical employee of Deere.

5.    As Manager, Enterprise Analytics Accelerator, Ms. Crawford managed the strategy and execution of data analytics activities, the development of analytics programs, the leveraging of analytics insights, and the development of Deere's strategy for digitalization.

6.      As Manager, Enterprise Analytics Accelerator, Ms. Crawford's responsibilities included but were not limited to the following: managing a team to deliver proofs of concept for analytics projects across the enterprise, plan and transform personnel and organizational processes for analytics enterprise-wide, and build on the security of IT by avoiding the loss of any Intellectual Property, and build analytics personnel talent and capabilities in these areas.

7.      Ms. Crawford was intimately familiar with Deere's confidential and/or trade secret information including, but not limited to, business strategies (including that related to digitalization), financial and business projections, marketing plans, investments, upcoming technology and services for product and customer connectivity, customer and market analytics and projections, and any other confidential information pertaining to valuable, special, or unique aspects of Deere's business activities.

8.      Specifically, Ms. Crawford had access to, and a significant role in developing, the strategic plans (including metrics, goals, and planned actions) for digitalization and data analytics efforts across Deere, and has also had access to Deere's processes and models for creating detailed forecasts for market and Deere demand for specific product lines, such as combines.

9.      This information constitutes commercially valuable information, is the subject of Deere's efforts to maintain secrecy or confidentiality, and is not reasonably ascertainable through lawful means.

10.     Ms. Crawford would have been denied intimate access to Deere's highly confidential, competitively sensitive information but for her position of trust and confidence with Deere and her written agreement not to use or disclose this information.  Only those people in a

2

need-to-know position at Deere, all of whom are also subject to confidentiality restrictions, are given access to such information.

11.     Upon the commencement of her employment in 2008, Adrian Crawford signed the Employee Innovation & Proprietary Information Agreement, a true and correct copy of which is attached hereto as **Exhibit A**.

12.     Ms. Crawford executed an additional Employee Innovation & Proprietary Information Agreement in 2009, a true and correct copy of which is attached hereto as **Exhibit B**.

13.     Ms. Crawford executed an additional Employee Innovation & Proprietary Information Agreement in 2017, a true and correct copy of which is attached hereto as **Exhibit C**.

14.     Ms. Crawford was a highly compensated employee at Deere.

15.     I am aware of no Deere business need for Adrian Crawford to send the following files to her personal Google account on May 17, 2019, between 8:13 p.m. to 9:15 p.m.: "EAA summary 1 April 19.docx" and "UPDATED JD ISG Digital Strategy Needs Assessment Summary Report 9-1-17.pptx". Those files should remain on Deere's devices and systems, and should not be sent to personal email or cloud storage.

16.     The information contained in file "EAA summary 1 April 19.docx" is highly confidential and contains a summary of key enterprise analytics projects, including descriptions of seven of the projects and their expected added value to Deere and Deere's customers.

17.     The information contained in file "UPDATED JD ISG Digital Strategy Needs Assessment Summary Report 9-1-17.pptx" is highly confidential and contains an external consultant's strategy assessment for Deere's digital tools and customer technology.

18.     Access to the documents removed by Adrian Crawford would be a windfall to a competitor providing it with an enormous and unfair competitive advantage allowing them, among other things, knowledge of Deere's existing projects, planned projects, the identity of key vendors and partners, major overall strategies of Deere, and specific tactical strategies of key departments and functions. It would also allow AGCO and the Defendants to undermine Deere's market position by exploiting the documents removed by the Defendants.

19.     Deere terminated Adrian Crawford's employment on June 3, 2019 for inappropriately downloading highly confidential Deere documents to her personal Google account, and for insubordination and failing to cooperate in that she initially lied to Deere's representatives by denying that she had downloaded any highly confidential Deere documents to her personal Google account, and then refused to answer Deere's representatives' questions concerning her actions.

20.     The trade secret information that Adrian Crawford has was only provided to the Defendants and a limited and select group of others who had agreements to maintain the confidentiality of such information.  Such information was disseminated only to a limited number of executives and high-level employees on a need-to-know basis.  All such individuals, including the Defendants, had contractual, fiduciary and statutory duties to maintain the confidentiality of such information.

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _23_ day of August, 2019.

Terry Goerdt
Global IT Director - Digitalization
Deere & Company